IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK LEON WEBSTER, ) | No. C 07-3830 MMC (PR) |
| ) | |
| Petitioner, ) | **ORDER OF DISMISSAL;** |
| ) | **GRANTING LEAVE TO PROCEED** |
| v. ) | **IN FORMA PAUPERIS** |
| ) | |
| A. HEDGPETH, Warden, ) | |
| ) | |
| Respondent. ) | **(Docket No. 2)** |
| _____ ) | |

On July 26, 2007, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant petition challenges the sentence imposed on a 1995 conviction obtained against petitioner in the Alameda County Superior Court. The sentence was enhanced by a 1985 conviction that petitioner claims was constitutionally invalid. Petitioner previously filed in this district three petitions challenging the 1985 conviction. One petition, filed in 2001, challenged the validity of the 1995 sentence on the ground that the 1985 conviction used to enhance the sentence was unconstitutionally obtained; two petitions, filed, respectively, in 1987 and 2002, challenged the validity of the 1985 conviction and sentence directly. For the reasons set forth below, the Court finds the instant petition is subject to dismissal because petitioner has not sought or obtained authorization to file a second or successive petition under 28 U.S.C. § 2244(b)(3).

//

//

**BACKGROUND**

A.   The 2001 Petition

In 2001, petitioner filed in this district a petition for a writ of habeas corpus challenging his 1995 conviction. See Webster v. Ortiz, No. C 01-0453 MMC (PR). One of the claims petitioner raised in the petition was a challenge to his sentence, which had been enhanced by the 1985 conviction. Petitioner claimed the 1985 conviction could not be used to enhance the 1995 sentence because the 1985 conviction had been obtained in violation of petitioner's constitutional right to self-representation under Faretta v. California, 422 U.S. 806, 832, 835 (1975).

Relying on the United States Supreme Court's then-recent decision in Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394 (2001), this Court dismissed petitioner's claim sua sponte, holding as follows:

> In Lackawanna, the [Supreme] Court held that if a "conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained. [Lackawanna, 532 U.S. at 404.] The only exception to the rule barring challenges to prior convictions used to enhance current sentences is that a petitioner may challenge a prior conviction on the ground that the right to the appointment of counsel for an indigent defendant under Gideon v. Wainwright, 372 U.S. 335 (1963), was denied. [Id.] Petitioner's third claim does not fall within this exception because he does not claim that he was denied his right to the appointment of counsel.[1] Petitioner's claim that his decision to exercise his right to self-representation under Faretta was not knowingly and voluntarily made is distinct from the "unique constitutional defect" of failing to appoint counsel for an indigent defendant. See Custis v. United States, 511 U.S. 485, 496 (1994) (holding exception for bringing claims under Gideon for the denial of the right to the appointment of counsel does not encompass other claims under the Sixth Amendment right to counsel, such as claims of ineffective assistance of counsel, involuntary guilty plea, and failure to advise of the right to "stipulated facts"). As a result, petitioner's third claim does not fall under the exception to the rule in Lackawanna that petitioner may not challenge the constitutionality of the 1985 prior conviction used to enhance his current sentence. Accordingly, petitioner's third claim must be dismissed.

(Order Denying Motion to Dismiss, filed July 23, 2001, at 2:10-3:1.)

---

[1] Indeed, petitioner was appointed counsel before he elected to proceed pro se.

2

In a separate order, the Court denied on the merits petitioner's one remaining claim challenging his 1995 conviction, that he had received ineffective assistance of counsel in connection with a pre-trial motion to suppress. (See Order Denying Petition for a Writ of Habeas Corpus, filed Sept. 26, 2001.)

Petitioner then sought a certificate of appealability, which both this Court and the Ninth Circuit denied. (See Webster v. Ortiz, No. C 01-0453, Docket Nos. 27 & 29.) Petitioner also filed a motion for reconsideration of the Court's order denying his petition on the merits. In the motion he alleged he was entitled to habeas relief because a false tape recording of a "911" call was introduced at his state trial. The Court denied the motion, finding petitioner knew about the claim when he filed his petition, and he had made no showing that respondent had either prevented him from raising the claim, or had engaged in any fraud, misrepresentation or misconduct in connection with petitioner's presentation of the claim. (See Order Denying Motion for Reconsideration, filed Sept. 25, 2002.)

B.     The 1987 and 2002 Petitions

In 2002, petitioner filed in this district a petition for a writ of habeas corpus challenging the validity of his 1985 conviction and sentence. See Webster v. Myers, No. C 02-0305 MMC (PR). In response to the petition, respondent filed a motion to dismiss the petition as a second or successive petition. The motion was based on petitioner's previously having filed a petition in the Northern District of California challenging the same 1985 conviction and sentence. That petition, Webster v. Myers, No. C 87-4949 WWS (PR), was denied on the merits on April 4, 1988.

In opposition to respondent's motion to dismiss, petitioner argued that his 2002 petition should not be dismissed as a second or successive petition because he was attempting to present new claims and factual allegations not presented in the 1987 petition. Petitioner asserted that prison officials had prevented him from presenting those claims and factual allegations in the 1987 petition by altering that petition before it was sent to the district court. He claimed he only became aware that the 1987 petition had been altered when he received a

3

copy of the 1987 petition in conjunction with respondent's motion to dismiss.

The Court found the 2002 petition was a second or successive petition under 28 U.S.C. § 2244(b)(3)(A) and, consequently, petitioner was required to obtain authorization from the Ninth Circuit to file the petition in the district court. Accordingly, the Court dismissed the petition without prejudice to petitioner's refiling the petition if he obtained the necessary order from the Ninth Circuit. (See Order Granting Motion to Dismiss Successive Petition, filed Apr. 10, 2002.)

Petitioner subsequently applied to the Ninth Circuit for authorization to file a second or successive petition challenging the 1985 conviction and sentence. On August 9, 2006, the Ninth Circuit denied petitioner's application. (See Pet. at 5; Ninth Circuit Order, filed Aug. 9, 2006, attached to Pet.)

C.   The Instant Petition

In the instant petition, petitioner asserts he is attempting to challenge the validity of the enhanced sentence he received for the 1995 conviction. Petitioner argues he is challenging the 1995 sentence on the ground that the 1985 conviction used to enhance the sentence is unconstitutional, because petitioner was denied access to the courts when he attempted to challenge the validity of the 1985 conviction.[2] Specifically, petitioner claims he was denied access to the courts because his 1987 federal habeas petition challenging the 1985 conviction was altered by prison officials before the 1987 petition was filed. Consequently, he argues, the district court denied the 1987 petition without having had the opportunity to rule on all of petitioner's challenges to the 1985 conviction.

Petitioner acknowledges that this Court, relying upon Lackawanna, supra, previously dismissed petitioner's claim, which he raised in his 2001 petition, that the 1995 sentence should not have been enhanced by the 1985 conviction because the 1985 conviction had been

---

[2]Petitioner acknowledges that he cannot directly challenge the 1985 conviction and sentence, because the Ninth Circuit denied his application for leave to file a second or successive petition challenging that conviction and sentence in the district court.

4

obtained in violation of petitioner's right to self-representation. Petitioner argues, however, that if the Court had been aware when it dismissed the claim that the 1985 conviction was invalid because petitioner had been denied access to the courts, the Court would not have concluded that petitioner's challenge to the 1995 sentence was foreclosed by Lackawanna. Petitioner asserts that he should be allowed to proceed with the instant petition because he did not learn that the 1987 petition had been altered until he received a copy of the 1987 petition in conjunction with respondent's motion to dismiss petitioner's 2002 petition challenging the 1985 conviction as a second or successive petition. Consequently, petitioner argues, he was unable to raise the denial of access to the courts claim in the 2001 petition.

**DISCUSSION**

A second or successive petition may not be filed in the district court unless the petitioner first obtains from the appropriate United States Court of Appeals an order authorizing the district court to consider such petition. See 28 U.S.C. § 2244(b)(3)(A). Petitioner does not dispute that in 2001 he filed a prior petition challenging the same conviction and sentence as challenged in the instant petition, and that the 2001 petition was denied on the merits. Rather, he argues that the instant petition should not be treated as a second or successive petition, because, when he filed the 2001 petition, he was not aware of the facts underlying his current challenge to the 1985 conviction, specifically, denial of access to the courts.

Under 28 U.S.C. § 2244, "a claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed" unless the petitioner first moves "in the appropriate court of appeals for an order authorizing the district court to consider a second or successive application." See 28 U.S.C. §§ 2244(b)(2), (b)(3)(A). "The court of appeals may authorize the filing of a second or successive application only if it determines the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244 (b)(2)]." See U.S.C. § 2244(b)(3)(C); see also § 2244(b)(2) (listing circumstances under which second or

successive petition may proceed). Accordingly, the issue of whether petitioner may file the instant petition under the circumstances he alleges must be determined by the Ninth Circuit.

Because the instant petition is a second or successive petition and petitioner has not sought or obtained an order from the Ninth Circuit authorizing him to file a second or successive petition in the district court, the instant petition is hereby DISMISSED, without prejudice to petitioner's refiling the petition if he obtains the necessary order.

In light of petitioner's lack of funds, his application to proceed in forma pauperis is hereby GRANTED.

This order terminates Docket No. 2.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: November 2, 2007

_____
MAXINE M. CHESNEY
United States District Judge